STATE OF NORTH CAROLINA v. NATHANIEL RAY JONES

No. 7214SC547

(Filed 2 August 1972)

1. **Homicide § 21— involuntary manslaughter — sufficiency of evidence to withstand motion for nonsuit**

   Defendant's motion to dismiss a charge of involuntary manslaughter against him was properly denied where the evidence, taken in the light most favorable to the State, tended to show that defendant and deceased engaged in a bantering conversation, deceased begged to see defendant's gun, defendant pulled his gun out of his pocket, the gun fired, killing deceased, and in order to fire, the gun's trigger had to be pulled or the hammer had to be lowered and released.

2. **Homicide § 23— jury instructions — application of law to facts**

   The judge's charge that the jury might find defendant guilty of involuntary manslaughter if they found from the evidence beyond a reasonable doubt that defendant intentionally pointed the gun at deceased or drew a loaded pistol from his pocket under such circumstances as would constitute a criminally negligent manner was a sufficient explanation and application of the law to the facts, as there was some evidence to support an instruction with respect to an intentional pointing. G.S. 1-180.

APPEAL by defendant from *Cooper, Judge,* 14 February 1972 Session of DURHAM Superior Court.

Defendant was charged in a bill of indictment with first-degree murder. After a plea of not guilty and the presentation of the State's evidence, the court allowed defendant's motions to dismiss as to first-degree murder, second-degree murder and voluntary manslaughter but overruled motion to dismiss as to involuntary manslaughter. The jury returned a verdict of guilty of involuntary manslaughter and defendant was sentenced to four years imprisonment with a recommendation by the court for work release.

From the judgment entered defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Christine Y. Denson for the State.*

*Newsom, Graham, Strayhorn, Hedrick & Murray by E. C. Bryson, Jr., for defendant appellant.*

BRITT, Judge.

Defendant contends the court erred in not granting his timely made motions to dismiss as of nonsuit the charge of

involuntary manslaughter. We do not agree with this contention.

[1] We think the evidence viewed in the light most favorable to the State was sufficient to withstand defendant's motions as to involuntary manslaughter. The State's evidence tended to show: The deceased died as the result of a pistol bullet which entered his brain from his forehead. Defendant, deceased and several others were congregated at a residence where deceased roomed. Deceased had been drinking and had a blood alcohol level of .26. While defendant and several companions were sitting at a table in the kitchen and deceased was standing in a doorway near defendant, defendant and deceased engaged in a bantering conversation wherein defendant indicated that he had a gun and deceased indicated that he wanted to buy a gun. Deceased begged defendant to let him see the gun. After defendant pulled the gun out of his pocket it fired and deceased fell on the floor with a bullet hole in his head. The gun involved was a .32 revolver that holds six shots and when found some 50 to 75 feet from the house was loaded and one shot had been fired. In order to fire the gun the trigger had to be pulled or the hammer lowered and released.

Based upon the foregoing evidence defendant's motions for nonsuit were properly overruled. The facts presented a question for the jury as to whether defendant's acts with the loaded gun were unlawful. Any careless and reckless use of a loaded gun which jeopardizes the safety of another is unlawful and if death results therefrom, it is an unlawful homicide. *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889 (1963); *State v. Hovis,* 233 N.C. 359, 64 S.E. 2d 564 (1951); *State v. Turnage,* 138 N.C. 566, 49 S.E. 913 (1905).

[2] Defendant next contends that the court erred in failing to explain and apply the law to the facts in the jury charge as required by G.S. 1-180. The charge permitted the jury to find defendant guilty of involuntary manslaughter if the jury found from the evidence beyond a reasonable doubt that defendant intentionally pointed the gun at the deceased or drew a loaded pistol from his pocket under such circumstances as would constitute a criminally negligent manner. Defendant contends that the evidence does not support the instruction with respect to an intentional pointing. "If any person shall point any gun or pistol at any person, either in fun or otherwise, whether such

State v. Jones

gun or pistol be loaded or not loaded, he shall be guilty of an assault . . . " , G.S. 14-34, and if the gun accidentally discharges inflicting a fatal wound the person would be guilty of manslaughter. *State v. Currie,* 7 N.C. App. 439, 173 S.E. 2d 49 (1970). In this instance the showing that defendant was seated at a table, deceased was standing near him, defendant pulled the gun from his pocket after which it fired with the bullet striking deceased in the forehead, would certainly be some evidence that defendant intentionally pointed the gun at the deceased even though it may have fired accidentally.

As to the other basis for returning a verdict of guilty there were sufficient facts presented to support the charge concerning whether defendant handled the gun in a criminally negligent manner. In *State v. Griffin,* 273 N.C. 333, 159 S.E. 2d 889 (1968) the court stated: "When the State undertakes a prosecution for unlawful homicide, it assumes the burden of producing evidence sufficient to prove that the deceased died as the result of a criminal act committed by the defendant. (Citations.) Any unjustifiable and reckless or wanton use of a firearm which jeopardizes the safety of another constitutes a criminal act, (Citation.) and, if an unintentional killing results, it is an unlawful homicide. (Citations.)"

We conclude that the court properly applied the law to the evidence as required by G.S. 1-180.

For the reasons stated, we find

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.